IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01616-RM-MJW

RICHARD JOHN SPONSEL,

Plaintiff,

v.

CITY OF THORNTON, COLORADO,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

     It is hereby ORDERED that defendant's Motion to Strike Document ECF 12 (Docket No. 15) is granted. Docket number 12 is plaintiff's Proposed Final Pretrial Order. The filing of such a document is premature. Furthermore, contrary to plaintiff's statement in that document, his Proposed Final Pretrial Order (Docket No. 12) does not "supersede" the Scheduling Order entered by this court on September 14, 2015 (Docket No. 11).

     It is further ORDERED that the defendant's Motion to Compel Plaintiff's F.R.C.P. [sic] 26(a)(1) Disclosures (Docket No. 14) is granted as follows. Plaintiff's Initial Disclosures were due on or before 5:00 p.m. on September 18, 2015 (See Docket No. 10), but plaintiff has failed to make his required disclosures and has failed to provide the court with any basis for such failure. As this court has advised the plaintiff, even though plaintiff is proceeding without counsel in this case, he is still required to comply with the court's Orders, the Federal Rules of Civil Procedure, and the Local Rules of this court. It is thus further

     ORDERED that the plaintiff shall immediately provide defense counsel with all of plaintiff's initial disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. Should plaintiff fail to provide such disclosures on or before November 13, 2015, sanctions against the plaintiff may very well be imposed, which could include directing plaintiff to pay defendant's attorney fees and a recommendation to Judge Moore that this action be dismissed for failure to comply with court orders and failure to prosecute.

     Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a motion for an order compelling disclosure is granted, "the court must, after giving an opportunity to be heard, require

2

the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  Furthermore, "the court must not order this payment if . . . (ii) the opposing party's nondisclosure . .  was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  It is thus further

     ORDERED that on or before November 20, 2015, plaintiff shall show cause in writing why this court should not pay defendant's reasonable expenses, including attorney fees, incurred in having to file its Motion to Compel Plaintiff's F.R.C.P. [sic] 26(a)(1) Disclosures (Docket No. 14).

Date: November 4, 2015