IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01616-RM-MJW

RICHARD JOHN SPONSEL,

Plaintiff,

v.

CITY OF THORNTON, COLORADO,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

  It is hereby ORDERED that the pro se plaintiff's Motion (Docket No. 28) is denied. Once again, plaintiff asks the court to take judicial notice of some purported facts and his legal arguments. Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is a means by which facts can be established as true in a court of law, without the normal requirements of proof by evidence. In order for a fact to be judicially noticed pursuant to Rule 201, "indisputability is a prerequisite." Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1354 (7th Cir.1995). That is, judicial notice should be exercised with great caution—the matter noticed must be of common and general knowledge, and it must be authoritatively settled and free from doubt or uncertainty. See, e.g., Lussier v. Runyon, 50 F.3d 1103 (1st Cir.1995); Korematsu v. United States, 584 F.Supp. 1406, 1415 (N.D.Cal.1984) ("Care must be taken that Rule 201 not be used as a substitute for more rigorous evidentiary requirements and careful fact finding."). Such is not the case here. Accordingly, plaintiff's request for judicial notice is denied.

Date: November 17, 2015